HARMANUS M. WELCH, TREASURER, *vs.* ARTHUR McKANE
AND ANOTHER.

New Haven Co., Dec. T., 1886. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and GRANGER, Js.

The act of 1883 (Session Laws of 1883, ch. 137, sec. 5,) provides with
regard to a bond given upon a license to sell liquor, that whenever a
person so licensed shall be convicted of a violation of certain provisions
of the act, and no appeal is taken, the bond shall become forfeited.
Held that a conviction of the principal constitutes a breach of the
bond, and that it is not necessary in a civil suit upon the bond to prove a
violation by the principal of the provisions of the act by any other
evidence.

The statute, in making such conviction a breach of the bond, does not vio-
late the constitutional guaranty of due process of law.

The obligors upon the bond entered into a contract obligation in view of
the provisions of the statute as to what should constitute a breach of
the bond and give a right to sue upon it. The provisions of the stat-
ute thus became a part of the contract.

[Argued December 7th, 1886,—decided February 4th, 1887.]

ACTION on a bond given to the treasurer of New Haven
County by the defendants, McKane as principal, and Tynan

as surety, upon the granting to the principal of a license to sell intoxicating liquors, for the observance by him of the requirements of the statute with regard to the sale of liquors by licensed persons; brought to the District Court of Waterbury. The case came into the Superior Court on an appeal by the defendants from a judgment of the District Court for the plaintiff upon a demurrer to the complaint; and by that court was reserved for advice. The case is fully stated in the opinion.

*J. O'Neill* and *T. Donohue*, for the appellants.

The act of 1883, on which this suit is predicated, provides that where a person licensed to sell liquor has been convicted of a violation of the statute regulating such sale, his bond shall become forfeited, and that in a suit on the bond "upon due proof of such conviction the court shall render judgment for the entire amount of said bond with costs." The defendant McKane was so convicted, and the plaintiff relies for his right of recovery on the bond wholly upon proof of that conviction. We contend that that conviction can not be conclusive evidence against the defendant Tynan—especially as he is a surety, and sureties are favored in the law. The legislature cannot restrain a party from setting up a good defense to an action against him. Cooley's Const. Lim., 370. The constitution provides that "the right of trial by jury shall remain inviolate;" and that "no person shall be deprived of life, liberty or property without due process of law." The province of the court is usurped by this statute, which provides what shall be proof of a conviction. *Wynehamer* v. *The People*, 13 N. York, 444; *People* v. *Lyon*, 27 Hun, 180. The defendant Tynan can prove that McKane did not keep open on Sunday; but this statute silences the effect of his evidence. We do not dispute that the legislation may make certain facts *primâ facie* evidence of another fact. *Hand* v. *Ballou*, 12 N. York, 543; *Howard* v. *Moot*, 64 id., 262; *Com.* v. *Williams*, 6 Gray, 1. But the courts have been careful to hold that this *primâ facie* case might be repelled by the circumstances, or by other proofs.

*Com.* v. *Wallace,* 7 Gray, 222; *Com.* v. *Rowe,* 14 id., 47. The legislature cannot make facts conclusive; this is the province of the jury. The legislature may prescribe rules for the admission of evidence, but can not compel the trial court to hold it conclusive without regard to that court's conviction or judgment as to its conclusiveness. If the legislature can compel the courts to render judgments contrary to their own convictions of the truth produced by the evidence, then the legislative power can coerce the judicial power, a proposition destructive of the co-ordinate departments of the government. The rule that a judgment binds parties and privies, we have no quarrel with. In the criminal case the State and Arthur McKane were the parties. Tynan, the other defendant here, was not a party to that complaint. He was not a privy. He did not promise in the bond that he would be bound by any judgment which might be rendered against McKane for keeping open on Sunday. He did not promise that he would pay McKane's fine, nor that he would go to jail in case McKane should be convicted; nor did he promise that he would pay this bond of $300 in case McKane should be convicted; nor did he agree that in case McKane should be convicted the judgment of conviction should be conclusive against him in an action on the bond. Tynan has a right to show before some tribunal— (1) that he did not sign the bond; (2) that no license was issued to McKane; (3) that McKane did not keep open on Sunday. The legislature has no more right to say that he may not show that McKane did not keep open than to say that he can not show that he did not sign the bond or that McKane did not receive a license. This statute can not be said to be a police regulation. The legislature may absolutely prohibit the sale of intoxicating liquor and may confiscate the same, for this is a police regulation; but it may not absolutely prohibit the sale of butter, for this is not a police regulation. *People* v. *Max,* 99 N. York, 377.

*G. E. Terry* and *C. A. Colley,* for the appellee.

1. This bond was entered into voluntarily by these defen-

dants, well knowing the law which made a conviction conclusive evidence of its forfeiture, and if they have been deprived of any right of defense in this action it is by their own voluntary act, and they have now no just cause of complaint. Mr. Cooley, in his work on Constitutional Limitations, 455, says: "If parties should enter into a contract in view of a statute then existing, its provisions might properly be regarded as assented to and incorporated in the contract, and therefore binding upon them." Further, the condition of the bond is that he " shall comply with all the provisions of part six of the act," and the question of his non-compliance has been heard by a court of competent jurisdiction and a jury has found by a verdict of guilty that he has not complied with the act; and the legislature has simply enacted that that question shall not again be litigated in this action, but that the former judgment upon it shall be conclusive. The principles laid down in the case of *Levick v. Norton*, 51 Conn., 461, are applicable to and decisive of this case.

2. This court has held that it is within the power of the legislature to prescribe what shall be considered presumptive evidence in the trial of any cause. *State* v. *Cunningham*, 25 Conn., 203. In *Commonwealth* v. *Burns*, 9 Gray, 132, the court held that the provision of the statute that " three several sales of intoxicating liquors should be sufficient evidence of a violation of the law against common sellers," was constitutional. We submit that the legislature had full power to enact the provision of the statute under consideration.

Loomis, J. This action is brought to recover for the breach of a bond given to the county treasurer by the defendants McKane as principal and Tynan as surety, to secure on the part of McKane, a liquor licensee, the performance of the requirements of the statute regulating the sale of intoxicating liquors by licensed persons.

The complaint alleges the application of McKane for a license, the tender of the bond in suit duly executed by the

defendants, the granting of the license to sell spirituous and intoxicating liquors at a place specified, and that afterwards, at a criminal term of the Superior Court held at Waterbury on the last Tuesday of September, 1884, the defendant McKane was duly prosecuted for and convicted of keeping open his saloon in violation of one of the provisions of part sixth of the act relating to the sale of spirituous and intoxicating liquors, making, by reference, a copy of the conviction and proceedings therein a part of the complaint.

To this complaint the defendants demurred, upon the grounds that the conviction of McKane in the criminal suit was not conclusive, and that the facts stated would not entitle the plaintiff to recover.

The Waterbury District Court, where this suit was first brought, held the complaint sufficient, and rendered judgment for the amount of the bond. The defendants appealed to the Superior Court, upon the ground that there was error in holding the judgment of the criminal court conclusive, and in deciding that the legislature had power to determine the weight of evidence in a judicial proceeding. The Superior Court reserved the questions for this court.

The right to recover upon the bond in suit is predicated upon "an act to regulate and restrain the sale of spirituous liquors," approved May 9th, 1883, section five of which provides that "whenever a person so licensed shall be convicted of a violation of any of the provisions of part six of this act, and no appeal is pending, said bond shall thereupon become forfeited, and the treasurer of said county shall, in his own name, institute a suit upon said bond for the benefit of said county; and upon due proof of said conviction the court before which said suit is brought shall render judgment in favor of said treasurer for the entire amount of said bond with costs."

Under this statute it is clear that the conviction of the principal constitutes a breach of the bond. The undertaking of the surety is that his principal shall not be guilty of violating the statute. And it would seem more just and

reasonable even toward the surety that the guilt of the principal would be established in a criminal prosecution, where he would have the benefit of a reasonable doubt and other advantages that would be denied him in a mere civil proceeding. The question as to the guilt of the principal might be decided differently in the two proceedings, occasioning great complexity and difficulty in administering the law.

But we concede that this reasoning, founded upon inconvenience, does not meet the objection that the statute, in making conviction in the criminal proceeding conclusive as to the breach of the bond, transcends the limits of valid legislation. Does the statute then in any way violate the constitutional guaranty of due process of law, which requires, not only that a party shall be properly brought into court, but that he shall have the opportunity when in court to establish any fact which, according to the usages of the common law or the provisions of the constitution, would be a protection to him or his property?

We are prepared to answer the question in the negative, for the reason that this is a case where the parties entered into a contract obligation in view of the provisions of the statute as to what should constitute a breach of the bond and give the right to sue upon it. In this way the provisions of the statute became part of the contract, so that both principal and surety in the bond are made liable upon the conviction of the principal, provided there is no appeal.

In confirmation of this position we cite the following authorities, where the same principle was applied to cases arising under statutes providing for the taking of certain bonds or security, and which authorize judgment to be rendered against both principal and surety upon mere motion, without notice or process. *Lewis* v. *Garrett's Adm.*, 6 Miss., 434; *Chappee* v. *Thomas*, 5 Mich., 53; *Gildersleeve* v. *The People*, 10 Barb., 35; *Philadelphia* v. *The Commonwealth*, 52 Penn. St., 451; *Whitehurst* v. *Coleen*, 53 Ill., 247; *Pratt* v. *Donovan*, 10 Wis., 378. We think also the principles laid down by this court in *Levick* v. *Norton*, 51 Conn., 461, may apply. In *Quintard* v. *Knoedler*, 53 Conn., 485, it was held

that a verdict which fixed the liability of the principal (there having been no appeal) was a breach of the bond. The counsel for the accused claimed that the verdict must be followed by a sentence or judgment, but did not suggest a doubt that the latter would establish conclusively a breach of the bond. In the case at bar final judgment was rendered and was satisfied on the part of the accused, so that there could have been no appeal.

One part of the argument in behalf of the surety, Tynan, seems to assume that he was denied the right to contest the execution and delivery of the bond and the granting of the license, but the special demurrer did not raise these questions; but these facts were admitted, as they were alleged in the complaint and not demurred to. The defendants could of course contest these facts, and also the fact that the principal had been convicted, but, as to the latter fact, it must be determined by the record.

The Superior Court is advised that there was no error in the judgment of the District Court.

In this opinion the other judges concurred.