## ALBERT WIMBERLY v. THE STATE.

### No. 7754.  Decided June 25, 1924.

### Rehearing denied October 15, 1924.

#### 1.—Unlawfully Furnishing Intoxicating Liquor—Indictment—May Embrace Several Counts.

Where indictment contains several counts embracing different elements of one offense, trial court may submit to jury in his charge all of said counts, provided he instructs the jury that in the event of a conviction they determine and specify the particular count on which their verdict is rendered.  See Dill v. State, 1 Tex. Crim. App., 278, and cases cited.  Under such an indictment the state is not required to elect on one specific count.

#### 2.—Same—Statute Construed.

Sec. 1 of Chap. 61, Acts of the Thirty-seventh Legislature, First Called Session, is held to be sufficiently clear and definite, though it does set forth numerous acts, any one of which would constitute a violation of this chapter. The word "furnish" as used in this act, unless qualified by the context, would include all of the other means named in the statute of transferring title or possession of intoxicating liquor.  Having, however, by specific declaration, made it a separate offense to sell, barter, exchange, transport, export, and deliver intoxicating liquor, *held*, that the use of the word, "furnish" was intended to denounce as an offense some act not included within other offenses named in same paragraph of the statute.

#### 3.—Same—Statute Further Construed.

The word "furnish" as used in the statute, in addition to the means of transferring title or possession of intoxicating liquor specifically named would include a gift, the giving, obtaining or procuring and perhaps other means.

#### 4.—Same—Indictment—Allegations Necessary.

Where the state relies upon a transaction within the meaning of the word "furnishing" the indictment should describe the transaction relied upon more specifically than by simply stating that the liquor was "furnished."

**5.—Same—Duplicitous Indictment.**

Where it is complained that an indictment is duplicitous a motion to quash on that ground must be presented in the trial court, and not in a motion in arrest of judgment.

ON MOTION FOR REHEARING.

**6.—Argument of Counsel—Bill of Exceptions.**

Bill of exception to argument of counsel must show that argument was not warranted under facts proved, and mere statement in bill of the grounds of objection is not sufficient. (Sec. 209, Branch's Ann. P. C.).

Appeal from District Court of Llano County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for unlawfully furnishing intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

No brief on file for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully furnishing intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

From the State's evidence, it appears that Alfred Hardin, in company with Earnest Bleacher, went to the home of the appellant, called him out and had a conversation with him. Appellant delivered to the witness a pint bottle which the witness says was supposed to be whisky.

The indictment embraces four counts: the first, charges the sale of intoxicating liquor to Alfred Hardin; the second, that the appellant unlawfully furnished intoxicating liquor to Alfred Hardin; the third, that he delivered such liquor to Alfred Hardin; and fourth, that appellant possessed such liquor for the purpose of sale. Each of these counts was submitted to the jury and in their verdict they designated the count upon which the verdict of guilty was rendered, and upon that count—the one charging the *unlawful furnishing* of intoxicating liquor—the judgment and sentence rest.

The several counts were embraced in the indictment to meet the evidence as it might be developed upon the trial. Nothing is pointed out or perceived which distinguishes this case from the general rule which under such circumstances allows the submission of each of the counts to the jury with the instruction that in the event of a conviction, they determine and specify the particular count upon which their verdict was rendered. This rule we understand is sanctioned in Dill v. State,

1 Texas Crim. App., 278, in which numerous text-books supporting the rule are cited. It is in accord with the text in 1 Bishop's New Crim. Proc., sec. 458. In one of the cases cited in the text, this is said:

"The principle to be extracted from these authorities is that the court should always interpose either by quashing the instrument or by compelling an election, where an attempt is made, as manifested by either the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions; but should never interpose in either mode where the joinder is simply designed and calculated to adapt the pleading to the different aspects in which the evidence on the trial may present a single transaction." (1 Bishop's New Crim. Proc., sec. 458, note 2.)

Numerous applications of this principle are cited by Mr. Branch in his Ann. Tex., P. C., sec. 444, p. 233. Nothing in Smith's case, 90 Texas Crim. Rep., 274, 234 S. W. Rep., 894, is to the contrary. It is therein said:

"When an indictment, in separate counts, charges several felonies and the evidence adduced develops distinct transaction, the State should, at the request of the accused, be required to elect upon which count or transaction it will seek a conviction. McKenzie v. State, 32 Texas Crim. Rep., 569. There are many apparent exceptions to this rule, for example; where the same transaction is charged in a number of different counts; where the same transaction or offense is charged in different counts, each alleging a different mode or means of doing the same act. Moore v. State, 37 Texas Crim. Rep., 552. Other instances in which an election is not required are revealed by the authorities, but upon the present occasion, we deem a discussion of them unnecessary."

In the present case, all of the evidence adduced points to the fact that the appellant, having a bottle of whisky in his possession, delivered it to the person named in the indictment. Whether it was a sale or delivery of the liquor or a furnishing by some other method was determinable from the evidence, all of which related to a single transaction. The jury pointed out the particular count in the indictment upon which the verdict was founded, and the lowest penalty was assessed. We find no warrant, precedent or reason for holding the action of the court in refusing to require the State to elect upon which count they would proceed which demands or justifies a reversal.

Section 1 of chapter 61, Acts of the Thirty-Seventh Legislature, First Called Session, reads thus:

"That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, solicit, or furnish spirituous, vinous, or malt liquors, or medicated bitters, capable of producing intoxication, or any other intoxicant whatever, or any equipment for making any such liquors, or to

possess or receive for the purpose of sale any such liquors herein prohibited."

Appellant insists that that part of the statute upon which this conviction rests is too indefinite to meet the requirements of the law denouncing an offense, and draws attention to Article 1 of the Penal Code, which declares the design of the Penal Code to be to define in plain language every offense, and to Section 6, which declares that when a penal law is so indefinite or of such doubtful construction that it cannot be understod, either from the language in which it is expressed or from some other written law of the State, it should be inoperative. Article 10 of the Code declares in substance that words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the subject matter relative to which they are employed.

A clause in the Bill of Rights declares that "one accused of a felony shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof;" also that he shall not be called to answer "unless on indictment of a grand jury." In construing the statutes mentioned above, a certain degree of definiteness in denouncing criminal acts and in charging them is required. 1 Lewis' Sutherland on Statutory Construction, sec. 86; 25 Ruling Case Law, p. 1081, Sec. 301; Ex parte Slaughter, 92 Texas Crim. Rep., 213; Augustine v. State, 41 Texas Crim. Rep., 59; Tozer v. State, 52 Fed Rep., 919; Ex parte Jackson, 45 Ark. Rep., 164; Griffin v. State, 86 Texas Crim. Rep., 499; Harris' Tex. Const., p. 85; Rodriguez v. State, 12 Texas Crim. App., 552; Gabrielsky v. State, 13 Texas Crim. App., 428; Allen v. State, 13 Texas Crim. App., 30; Williams v. State, 12 Texas Crim. App., 395; Flores v. State, 13 Texas Crim. App., 337; Brown v. State, 13 Texas Crim. App., 347; Insall v. State, 14 Texas Crim. App., 146; Hester v. State, 15 Texas Crim. App., 418.

The word "furnish" unless qualified by the context, would include all of the other means named in the statute of transferring title or possession. Having, however, by specific declaration made it a separate offense to sell, barter, exchange, tranport, export and deliver intoxicating liquors *"or to furnish"* them, it is believed that it was the legislative intent by using the word "furnish" in the connection in which it appears in the statute, to denounce as an offense some act not included within the other offenses named in the same paragraph of the statute. If it be a sufficient description of the offense to charge that intoxicating liquor was *"furnished"* to an individual named in the indictment, it could be successfully contended that the averment might be sustained by proof that the offense was committed by sale, barter, exchange, transport, export or delivery, and thereby there would be included in one count of the indictment a charge which would be sustained by proof of any one of six different offenses, all felonies; a

thing that the law does not tolerate.   See Todd v. State, 89 Texas Crim. Rep., 100, and authorities therein cited.   The single word used to describe the other offenses quoted from the statute has a legal significance sufficient to meet the requirements of the law and inform the accused of the nature of the charge against him.

In addition to the means of transferring title or possession of intoxicating liquor specifically named in the statute, the term "furnish" would include, among other things, a gift.   It might include the giving, obtaining or procuring, and perhaps other means.   State v. Tague, 76 Vermont Rep., 119; 20 Cyc. of Law and Proc., p. 863; Webster's New International Dict., p. 879; Southern Express Co. v. State, 1 Ga. App., 700; Newsome v. State, 1 Ga. App., 790; 2 Woollen & Thornton on the Law of Intoxicating Liquors, sec. 730; State v. Lynch, 81 Ohio Rep., 336, 28 L. R. A. (N. S.) 334.   The authorities are numerous to the point that in drawing an indictment, the constitutional provision is not always satisfied by simply charging the offense in the language of the statute.   Johnson v. State, 42 Texas Crim. Rep., 102; Kennedy v. State, 86 Texas Crim. Rep., 450; Harris' Tex. Const., p. 86, note 41.

It is believed by the majority of the members of the Court that where, as in this case, the State relies upon a transaction resulting in the transfer of the title or possession of intoxicating liquor which is embraced within the word "furnishing" but which is not specifically named in the statute, the indictment should describe the transaction relied upon in terms more specific than would be accomplished by simply stating that the liquor was furnished.   In this view our brother Lattimore does not concur but expresses the opinion that the offense of furnishing intoxicating liquor may be charged by merely using the language of the statute.   This method is ordinarily adequate but that it is not so in all instances has often been declared by this court. Mr. Branch, in his Ann. Tex. P. C., sec. 494, deduced from many cited cases this statement:

"It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the legislature or from the application of known principles of law."

Portwood v. State, 29 Texas Rep., 47; White v. State, 3 Texas Crim. App., 607; Kerry v. State, 17 Texas Crim. App., 185; McAfee v. State, 38 Texas Crim. Rep., 124.

By the mere use of the word "furnishing" the indictment would be broad enough to admit a conviction for one of several other offenses named in the statute, and would therefore be obnoxious to the rule against duplicity, by which rule the charging of more than one felony in a single count in the indictment is not to be upheld when properly attacked in the trial court.   To require the reviewing court to annul a conviction because of a duplicitous indictment, its

sufficiency must be challenged before verdict. Melley v. State, 248 S. W. Rep., 367; Todd v. State, 89 Texas Crim. Rep., 99. In the present case there was no motion made to quash the indictment, and the complaint comes too late in the motion in arrest of judgment, the manner in which the raising of the question is here attempted.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to our failure to discuss a bill of exception wherein he complains of argument of the district attorney as follows:

"We might infer that the witness Alfred Hardin heard that he could get whisky from Albert Wimberly, the defendant, the reason he went for that purpose, some one might have told him that he could get some whisky there, otherwise he would not have gone there."

The bill shows that the argument was objected to, the reason assigned being that the evidence did not warrant such argument. It is nowhere certified in the bill that the argument was not warranted under the facts proved, and the bill is defective under the general and well-settled rule that a mere statement of the ground of objection in a bill is not a certificate by the judge that the facts existed which form the basis of the objection, but merely shows that such an objection was made. (See sec. 209, Branch's Ann. P. C. for collation of authorities.) However, if the facts did not justify the argument we would feel unauthorized to reverse because of it. The evidence upon which the state relied was in no way controverted, and supports the verdict. The lowest penalty having been assessed it is apparent the argument did not result in harm to accused.

We did not misapprehend appellant's contention, which is that the statute (Sec. 1, Ch. 61, Acts 37th Leg., 1st C. S.) making it unlawful for one to "furnish" intoxicating liquor to another is too vague and uncertain to be in compliance with articles one and six of the Penal Code. Our original opinion holds that the intention of the legislature in making it unlawful to "furnish" intoxicating liquor was to denounce as a crime the act of supplying such liquor in some manner not otherwise specifically mentioned in the statute, but that to sufficiently describe the offense the indictment should go further than the statute, and specify the acts claimed to constitute the "furnishing" complained of, and that an indictment which merely charged that accused "furnished" such liquor would be vulnerable upon a motion to quash, but not subject to a delayed attack by motion in arrest of judgment. The statute is upheld, but the proper indictment thereunder is suggested. As stated in the original opinion, our brother Lattimore is in accord with the majority of the court in sustaining

the statute, but entertains different views relative to a proper indictment under this phase of the statute.

The motion for rehearing is overruled.

*Overruled.*