## E. L. SNELSON, ALIAS DOC SNELSON V. THE STATE.

### No. 10713. Delivered January 26, 1927.

### Rehearing denied March 23, 1927.

**1.—Delivering and Furnishing Intoxicating Liquor—Severance—Properly Refused.**

Where the granting of a severance will operate as a continuance of the case it should be refused. Appellant moved for a severance, and that his co-defendant Jewell Snelson be first placed on trial. It being discovered that Jewell Snelson was not in custody, and could not be found, the severance was properly refused.

#### ON REHEARING.

**2.—Same—Indictment—Attacked on Motion for Rehearing—Comes Too Late.**

While this court has held that an indictment attempting to charge the furnishing of intoxicating liquor, which fails to set out any facts showing how such furnishing was done, was bad on a motion to quash, but not on a motion in arrest of judgment, the appellant's attack on the validity of the indictment, for the first time on a motion for rehearing, is manifestly too late. See Wimberly v. State, 265 S. W. 158.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for having delivered and furnished intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*J. S. Kendale* of Munday, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Knox County for having delivered and furnished intoxicating liquor, punishment three years in the penitentiary.

The record is before us without any statement of facts. There is only one bill of exceptions, which complains of the refusal of a severance. Therefrom we learn that when this case was called appellant sought a severance in order that Jewell Snelson might be first put upon trial. From a qualification appended to the bill of exceptions we learn that Jewell Snelson had been transferred from the county jail of Knox County to the jail in Hardeman County prior to the trial term of the court below, and that when appellant's motion for severance was presented, same was held up by the court and an officer was dispatched to Hardeman

County to bring Jewell Snelson into court in order that she might be first tried. The officer reported that Jewell Snelson was not in custody and could not be found. The court thereupon ordered the sheriff to see if he could ascertain the whereabouts of said Jewell Snelson, and failing in this the court declined to grant the motion for severance upon the ground that to do so would operate as a continuance to this appellant. We perceive no abuse of the discretion of the trial court in this matter. While severance is a matter of right, it is specially stated that it shall not be granted if it operated as a continuance of the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—A rehearing is sought on two grounds, one that the indictment charges no offenses against the law; second, that it was error to refuse appellant's application for severance. In Wimberly v. State, 265 S. W. 155, the sufficiency of an indictment charging the furnishing of intoxicating liquor was discussed and the conclusion announced by a majority of the court that where the indictment merely charged the language of the statute in this regard, and set out no facts showing as to how such furnishing was done, such indictment upon proper motion made in limine should be quashed, but that no such motion having been made, an objection made thereto in a motion in arrest of judgment came too late. In the instant case there was no attack upon the indictment either by a motion to quash or a motion in arrest of judgment. To attack the validity of an indictment for the first time in a motion for rehearing upon this ground is manifestly too late.

We think the question of the refusal to grant a severance correctly decided in the opinion on original hearing.

The motion for rehearing is overruled.

*Overruled.*