### H. L. MEYER V. THE STATE.

No. 10314.   Delivered May 25, 1927.

Rehearing denied November 9, 1927.

**1.—Delivering Intoxicating Liquor—Indictment—Motion to Quash—Must Be in Writing.**

Where appellant, before announcing ready, made an oral motion to quash the indictment, his motion was properly overruled. Art. 613, C. C. P., provides: "All motions to set aside the indictment or information and all special pleas and exception shall be in writing." Also see Arts. 522 and 523, C. C. P.

**2.—Same—Continued.**

His motion to quash the indictment, made in writing after the evidence was concluded and before the court charged the jury, came too late. It should have been presented before announcement of ready.

**3.—Same—Bill of Exception—Qualification of Court—Appellant Bound By.**

Where appellant objected to the introduction of a contract between appellant and prosecuting witness for the purchase of some commercial stock, at the time of the selling of the whiskey, and the drinking of some of it by the prosecuting witness, and the court qualifies appellant's bill to the effect that this contract was a part of the res gestae, and was admitted to show unlawful intent, the appellant is bound by the qualification, and no error is shown.

**4.—Same—Evidence—Brought Out by Appellant—He Cannot Be Heard to Complain.**

Where appellant on his cross-examination of prosecuting witness, made inquiry as to a $500 check given by prosecuting witness, and a contract made for the purchase of some stock, he cannot be heard to complain of the state going into the matter on re-direct examination in detail.

**5.—Same—Continued.**

The same question was presented in appellant's objection to proof of a suit pending in the District Court brought against the Marble Falls Textile Mill Company by prosecuting witness. Having gone into this matter himself there was no error in permitting the state to introduce all of the record, as shown by the docket.

**6.—Same—Requested Charges—Not Properly Presented—No Error Shown.**

Where appellant presented several special charges, all of which were refused, but the record fails to show that they were presented to the court before the main charge was read to the jury, or that any exceptions were reserved to the action of the court, in refusing same, this court cannot consider the complaint.

ON REHEARING.

**7.—Same—Accomplice—Receiver of Whiskey—Is Not.**

There was no error in the trial court refusing to instruct the jury that the party who received and drank the whiskey delivered by the appellant was an accomplice. Under Art. 670, P. C., the purchaser, transporter, or possessor of any of the liquors prohibited herein, shall not be held to be an accomplice. See Bailey v. State, 284 S. W. 574.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for delivering intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Audley Harris* and *Warren W. Moore* of Austin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully delivering intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The indictment, in the first count, charges that the appellant, on or about August 27, 1925, "did then and there unlawfully *deliver* spirituous, vinous and malt liquors capable of producing intoxication to Peter Pfluger." In the second count of the indictment appellant is charged with "unlawfully *furnishing* spirituous, vinous and malt liquors capable of producing intoxication to Peter Pfluger." The conviction was upon the first count in the indictment.

It was the contention of the state that the appellant, in company with a Mr. Haley, called upon the prosecuting witness at his home in Travis County on the date alleged in the indictment and delivered to him a pint of whiskey; that appellant, after inducing the prosecuting witness to drink some of the whiskey, which caused him to become so intoxicated that he was incapacitated to do business, secured his signature to a contract for the purchase of a large number of shares in the Marble Falls Textile Mills Company, and his note for $1,750 in part payment thereof. The appellant defended upon the ground that he had purchased the whiskey on a doctor's prescription for his own use in treating a severe cold, and that while negotiating the trade with Pfluger, the latter observed the whiskey and drank part of it of his own volition. Appellant introduced further testimony to the effect that Pfluger entered into the contract and signed the note voluntarily and while in possession of all his mental faculties, and that Pfluger's contention to the effect that he was intoxicated at the time was an afterthought.

The record contains thirteen bills of exceptions.

In bills Nos. 1, 2, 3 and 4 complaint is made to the refusal of the court to quash the indictment. It is stated in bill No. 1 that after the jury were selected and sworn and the indictment read, but before the defendant pleaded to the indictment, his counsel made a statement in open court and in the presence of the jury, as follows:

"I move to quash the indictment in this case for the reason that it is duplicitous, and states two or more offenses in one count, and because the indictment does not state any offense against the laws of the State of Texas."

This motion was overruled by the court. If we correctly understand this bill, appellant's counsel made an oral motion to quash the indictment. Art. 513, C. C. P., states:

"All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing."

Art. 522, C. C. P., states: "The motion to set aside an indictment or information, and all exceptions, shall be heard together and decided without delay."

Art. 523, C. C. P., states: "The court, at its discretion, may hear and determine such motions and exceptions at any time before a trial has been entered upon, but not afterward."

Assuming that the appellant's motion was oral, the trial court did not err in overruling it, and the presumption of law is in favor of the ruling of the trial court unless there is a showing to the contrary in the bill of exception.

In bill No. 2 it is shown that after the evidence was concluded and before the court charged the jury, appellant filed a motion to quash the indictment "because neither of said counts states an offense against the laws of the state, and because said counts are duplicitous, and because the first count in the indictment simply uses the word 'deliver' and fails to state the manner and character of delivery or the nature of the act which the state will rely upon to constitute such delivery."

This motion, had it been presented in writing before the trial began, would have raised a very serious question as to the sufficiency of the indictment, under the doctrine announced by this court in Wimberly v. State, 265 S. W. 155, but having been presented after the evidence was concluded and before the court charged the jury, it came too late and the court committed no error in overruling it. In order to raise properly the issue of duplicity of an indictment, it is necessary to prepare and present a written motion before the trial begins. Melley v. State, 248 S. W. 367; Wimberly v. State, 265 S. W. 155.

In bill No. 3 it appears that the appellant, before the charge of the court was given to the jury, made a motion to quash the first count of the indictment "because the indictment states that the liquor was capable of producing intoxication to Peter Pfluger, but does not state generally that it was capable of producing intoxication, only to Peter Pfluger."

What we have said relative to bills Nos. 1 and 2 applies to this bill. Besides, we are of the opinion that the count objected to is not susceptible to this criticism. As we understand the language used in the indictment, it charges a delivery to Peter Pfluger of liquor capable of producing intoxication.

The motion to quash brought forward in bill No. 4 raises the same question as that involved in bill No. 3, and consequently calls for no additional discussion.

In bills Nos. 5, 6, 7, 8 and 9 complaint is made to the introduction of evidence relative to appellant obtaining the contract

from the prosecuting witness on the date of the alleged delivery of the whiskey, and to the introduction in evidence of said contract, the note and all evidence pertaining thereto, it being alleged that same in no manner shed light on the offense charged against appellant in this prosecution. The qualifications attached to these bills by the trial court, without objection upon the part of appellant, state that this evidence was introduced as a part of the res gestae and to show unlawful intent. These bills, as presented, show no error.

Bills Nos. 10 and 11 complain of the action of the court in permitting the state to introduce in evidence a check for $500 given by the prosecuting witness, in July, 1925, to the Marble Falls Textile Mills Company for purchase of stock, and to the introduction of a contract dated July 27, 1925, between the prosecuting witness and said company, calling for the purchase of a certain amount of stock, to all of which testimony the appellant objected on the ground that it was immaterial, would confuse the real issues in the case, and involve the proof of another offense. These bills are qualified by the court to the effect that he was under the impression that this testimony was brought out originally by the appellant on cross-examination of the prosecuting witness. The record discloses that the appellant, on cross-examination of the prosecuting witness, did interrogate him relative to said contract and the matters involved in these bills of exceptions. Under the facts of this case, these bills show no error.

In bill No. 12 complaint is made to the action of the court in permitting the clerk to read from the docket of the Fifty-third Judicial District Court the style of a civil suit in which the prosecuting witness was plaintiff and the Marble Falls Textile Mills Company was one of the defendants. The appellant objected to this testimony because "it was made by third parties out of his presence and shed no light on any issue involved in the case."

The court qualifies this bill by stating that "the issue was originally raised by the defendant to the effect that the criminal case was an effort to aid a civil action against the prosecuting witness and he offered the witness to show the pendency of suit, whereupon the state introduced all of the record, as shown by the docket, the defendant having introduced but a portion."

We are unable to see the relevancy of this testimony, but the bill of exception, as presented, shows no error.

Bill No. 13 is a resume of the objections urged and the matters

presented in the other bills of exceptions, and what we have previously said is fully applicable to this bill.

The record discloses that the appellant presented eight special charges to the court, all of which were refused.   However, the record fails to show that they were presented to the court before the main charge was read to the jury, or that any exceptions were reserved to the action of the court in refusing to give these special charges.   For this reason, we are precluded, under the statutes and the decisions of this court, from considering the matters therein complained of.

The appellant contends that the court committed error in refusing to charge the law applicable to accomplices, because, according to his contention, the prosecuting witness, by reason of having received the whiskey, drank some of it, and kept the remainder, thereby became an accomplice under the law.   We are not in accord with this contention.   Art. 670, P. C., provides:

"* * * the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

We also think that in Bailey v. State, 284 S. W. 574, this court held against the contention here raised by the appellant.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—It is vigorously insisted by appellant that a motion presented orally to quash an indictment because of duplicity, before trial has begun, which motion is acted on and overruled by the court and such motion is afterward reduced to writing before the testimony is concluded and is again overruled, ought to be considered.

It appears from the record that a proper oral motion was made before a trial had been entered upon, asking that both counts of the indictment be quashed for duplicity and was overruled by the court.   This motion was reduced to writing later and before the jury had been instructed and an order was entered overruling same.   In this state of the record we are

inclined to hold that appellant is entitled to have the point reviewed. If the court had refused to entertain and hear the oral motion because not made in writing, a different question would be presented. The motion was overruled because, in the opinion of the court, the ·indictment was not duplicitous, and the bill, we think, presents the question under the particular circumstances of this case, of whether he erred in such ruling rather than whether he erred in making a ruling. Passing therefore upon the bill of exceptions presented, we are of the opinion that an indictment which charges that appellant "did then and there unlawfully *deliver* spirituous, ·vinous, and malt liquors capable of producing intoxication to Peter Pfluger," is not duplicitous.

The court had in mind this question in the case of Wimberly v. State, 265 S. W. 157, in using the following language: "The single word used to describe the other offenses quoted from the statute has a legal significance sufficient to meet the requirements of the law and inform the accused of the nature of the charge against him." The court was discussing the statute which used the words "sell," "barter," "exchange," "transport," "export," *"deliver,"* and "furnish." While suggesting that the use of the word "furnish" rendered the indictment duplicitous, it made the observation above quoted with reference to the other words.

Webster's International Dictionary defines "deliver" as follows: "To yield possession or control of, to part with, or to make over;" while the word "furnish" under said authority has the following meaning: "To provide for, to provide, to provide what is necessary for, to forfeit or satisfy the needs of, to fit out or fit up, to supply, *give,* or afford."

'l'o deliver whiskey in common parlance means the physical act of transferring possession, while to furnish whiskey might mean either to sell it, give it, or deliver it, or it might mean to sell and deliver or give and deliver. The one has a fixed meaning and only one meaning as commonly understood, while the other is broad enough to include several acts, some of which have been denounced as penal. This case therefore appears to distinguish itself from the Wimberly case, supra.

Art. 8 of the Penal Code provides in substance, that words are to be taken and construed in the sense in which they are understood in common language, and the use of the word "deliver" thus defined could not have misled appellant and was

sufficient to apprise the appellant of the specific act which he was called upon to meet.

All other questions raised, we think, were properly disposed of in the original opinion.

The motion for rehearing is overruled.          *Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.