JOHN D. ROSE *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued May 5th—decided June 9th, 1938.

*David M. Rosen,* for the appellant (plaintiff).

*Frank J. DiSesa,* Assistant Attorney General, with whom, on the brief, was *Charles J. McLaughlin,* Attorney General, for the appellee (defendant).

PER CURIAM. The plaintiff appealed to the Superior Court from the action of the liquor control commission in revoking his restaurant beer permit. The reason for that revocation was that police offi-

cers had found a minor girl drinking beer on the premises. The plaintiff was not present at the time. The beer had been served by the bartender. He had previously been notified not to sell to minors. He was arrested, convicted and fined $100 and costs. The Liquor Control Act subjects to criminal prosecution any permittee who by himself, his servant or agent shall sell or deliver alcoholic liquor to any minor, and alcoholic liquor is defined by the statute to include beer. General Statutes, Cum. Sup. 1935, §§ 1012c and 1071c. The act at the time of the matters involved in this appeal provided that when any permittee should be convicted of a violation of any of the provisions of the act, he should, in addition to the penalties imposed for the offense, incur a forfeiture of his permit and that the commission must revoke it. The act also gave the commission power on its own motion to revoke any permit upon cause found after due hearing. § 1052c. Had the plaintiff been convicted under the provisions of § 1071c of the sale to the minor, the statute at the time made it the duty of the commission to revoke his permit. § 1053c. As he was not so convicted, this imperative obligation resting upon the commission did not come into existence. The fact of the sale to the minor remained, however, for the commission to consider in determining whether to exercise its discretion to revoke the permit. *Wilks v. Liquor Control Commission,* 122 Conn. 443, 445, 190 Atl. 262. The statute makes plain the legislative policy that alcoholic liquor should not be sold to minors and that the responsibility for making effective this prohibition rests upon the holders of permits. The action of the commission in revoking the permit in this instance was in strict accord with that policy and cannot be regarded as an abuse of discretion.

There is no error.