In the Matter of ERIN WINE & LIQUOR STORE, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.

First Department, March 16, 1954.

*Louis Rivkin* of counsel (*Morris Rosen* and *Irwin Reicher* with him on the brief; *Rivkin & Rosen,* attorneys), for petitioner.

*Robert W. Corcoran* of counsel (*Emanuel D. Black* with him on the brief; *Alvin McKinley Sylvester,* attorney), for respondents.

BREITEL, J.   In this article 78 proceeding petitioner, a package store licensee, seeks to annul a determination by the State Liquor Authority that it has violated the provisions of law forbidding sales of alcoholic beverages to a minor.   The issue is whether there was substantial evidence to support the determination. We find that there was none.

Two youths, one three weeks under eighteen years of age, the critical age limit under the law (Alcoholic Beverage Control Law, § 65), and the other, over eighteen years of age, on May 28th entered licensee's premises.   Two bottles of liquor were purchased and the price paid.   If a sale was made to the one under eighteen, the violation was made out.   If the sale was made to the one over eighteen, there was no violation.   If it does not appear to which of the two the sale was made, there is no proof that the law was violated.

Since all questions of credibility should be resolved in favor of the Authority, every bit of evidence supporting the Authority's case should be considered, and any contradictory evidence offered by the licensee should be disregarded (*Matter of Radigan v. O'Connell,* 304 N. Y. 396).

On May 28, 1953, before entering the liquor store the two youths were outside on the street with a group.   The one under eighteen, Stinner, received money collected from his companions. The two youths then entered the store.   The police officer, who had been observing the pair, did not see who asked for the liquor or who paid the money; but did see the underage minor, Stinner, pick up from the counter the bag containing two bottles of liquor and leave.   The police officer then stopped Stinner and his companion and returned with Stinner to the store.   He told licensee's clerk that he had sold liquor to a minor.   The

clerk responded, according to the police officer, that the two boys had been in the night before and that one of them had shown a draft card, indicating that he was over the age limit. He did not expressly deny that he had sold the liquor to an underage minor as the officer accused him. The officer's testimony varied between his direct and cross-examination; but on his cross-examination, he made it quite clear that the clerk had said that the overage young man had exhibited the draft card and not the underage Stinner. But regardless of what happened on May 27th, the police officer further testified that the clerk did not say which of the two ordered the liquor on May 28th, the date of the alleged violation. The officer verified that Stinner's companion had a draft card and that he was over eighteen years of age.

The licensee's clerk testified that the sale the night before, on May 27th, was made to the overage boy, and that on May 28th, the liquor was ordered by the same overage boy. When he finished making up the package the purchase money was lying on the counter, he further testified, and the package and the change were picked up from the counter by one or the other of the young men, he did not know which. On cross-examination he said he thought that on May 28th it was the younger of the two men who picked up the package from the counter, although he still did not recall who picked up the change.

In any other context none would argue that there was proof that one or the other of the youths was the purchaser of the liquor. There would simply be a failure of proof. The only question then is whether under the regulatory statute any different result should follow.

It is clear that in order to protect minors the risk of sales to underage minors is on the licensee (*Matter of Barnett* v. *O'Connell*, 279 App. Div. 449). Thus, the fact that Stinner was about six feet tall and weighed between 175 and 185 pounds, or that the clerk believed or had reason to believe he was over the age limit, is immaterial. But it is still requisite to prove that the alcoholic beverages were " sold, delivered or given away " to the underage minor. It is not illegal for a sale to be made to an adult accompanied by an underage minor, nor does any presumption of law or fact arise therefrom as to whether the sale was made to either or both. There might have been evidence that the sale was made to both, but there was no such evidence. It is quite likely from what the police officer observed occur outside the store that the purchase was for the benefit of the group,

but that does not mean that the sale was made to the group or that it was made jointly to the two who entered the store, and the proof, as we have seen, certainly falls short of showing that the sale was made to the younger of the two rather than to the older one.

The evidence in this case consequently does not support the inference that the sale was made to the underage minor. The rule is stated in Corpus Juris Secundum (32 C. J. S., Evidence, § 1021 [b], pp. 1053–1054): " A conclusion of fact may be legitimately drawn from a preponderance of probabilities in its favor; conversely, the existence of a fact is not established by evidence which does not render its existence more likely than its non-existence. The probabilities must be such that the conclusion is acceptable to the judgment of the court or jury applied to the evidence in the particular case; mere proof of possibility, or even a preponderance of possibilities or a majority of chances, never can suffice alone to establish a proposition of fact.''

This is related to but not nearly as exacting as the rule applicable to circumstantial evidence (32 C. J. S., Evidence, § 1039).

The rule is best exemplified in the cases arising in the law of negligence where it is held that " In the face of two reasonable inferences, each of which is consistent with the happening of the accident, the plaintiff has failed to meet the burden which the law places upon her " (*Ford* v. *McAdoo,* 231 N. Y. 155, 161). (To the same effect: *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131; *Francey* v. *Rutland R. R. Co.,* 222 N. Y. 482.) The rule, of course, as an extension of ordinary logic, is applicable in other fields of law (*Matter of Hayward,* 143 Misc. 401, affd. 237 App. Div. 823).

There is a similar application of the rule in criminal cases, but of course under more rigorous supervision. (See, e.g., *People* v. *Di Landri,* 250 App. Div. 52, decided with reference to facts not affected by the enactment of section 1898-a of the Penal Law, in which it was held that presence of a pistol in an automobile occupied by defendant and others did not justify an inference that defendant owned or had constructive possession of the weapon.)

Administrative agencies, whose determinations on the facts are not reviewable unless there be an absence of substantial evidence, are subject to the same test of logic when the issue is raised in the courts (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256).

Thus, it was said in the *Stork Restaurant* case (*supra,* pp. 273–274): "A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (*Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197, 229). The same test is applied in trials before a court and jury. Evidence which is sufficient to require the court to submit a question of fact to a jury is sufficient to support a finding by the administrative board."

Whatever circumstances the police officer observed tended to show some plan by young men, in which the underage minor participated, to purchase liquor. But there was no evidence that licensee sold to the underage minor. That is a significant difference. Some might suspect or conjecture that the liquor was sold to the underage minor (for the group); but that is not enough. It is of course unfortunate that the testimony of the two young men, who are nonresidents, was evidently not available, but that circumstance cannot supply the deficiency in the proof. All one can say is that the liquor was sold to either of the young men, but as to which, on this record, none can determine, unless one accepts the exculpatory testimony given by licensee's clerk.

As much as we share the Authority's concern with the enforcement of the law preventing sales to underage minors and the grave evils to be prevented thereby, it is still required that a sale to an underage minor has been proven. That under the regulatory statute intent or knowledge on the part of the licensee is immaterial, in order to provide increased protection for the young, does not permit punishment of those who have participated in a transaction not shown to be forbidden.

The Authority also argues that even if a sale to the underage minor was not proven there is uncontradicted testimony that the clerk "delivered" the liquor to him. While it is true that the statute relates to sale, delivery or giving away, the mere carrying of a package by an underage minor for and in the presence of another who purchases the package is not a delivery to the underage minor. Delivery is a relation involving two terms, namely, a reciprocal giving and taking. In the instant case only the taking by the underage minor from the counter is

established and the record fails to show a giving to him. All that the record shows is that the clerk placed the package on the counter before the two youths and it was the overage young man who, according to the clerk's uncontradicted testimony, ordered the liquor.

The determination of the Authority should be annulled, the suspension rescinded, and the petition granted, together with costs.

Dore, J. (dissenting). Subdivision 1 of section 65 of the Alcoholic Beverage Control Law places upon the seller of alcoholic beverages the mandatory duty of not selling to any minor actually under the age of eighteen years. The proper interpretation and application of the law was well stated by the Appellate Division of the third department in *Matter of Barnett* v. *O'Connell* (279 App. Div. 449, 450) as follows: "Every licensee has the statutory responsibility of seeing to it that sales of alcoholic beverages are not made to persons less than eighteen years of age and assumes the risk of such sales."

In my opinion there was substantial evidence supporting the Authority's finding of a sale to a minor. The salesman admitted he didn't know who paid for the liquor, the minor or the adult, or to whom it was handed at the counter. His statutory duty is to ascertain the facts; and, if he does not do so, he assumes the risk and must take the consequences of a sale to a minor. The policeman testified that Stinner, the minor, first collected the money from his associates outside the door of the package store, and that he picked up and carried off the premises the package containing the whiskey and the gin when the money was paid. The clerk did not deny the sale to Stinner, but maintained he was not a minor though concededly the only proof he had as to age was the draft card produced by Stinner's companion. The trial commissioner accepted the testimony of the police officer and it is entirely believable.

The evil consequences of selling liquor to minors need not be emphasized. In this case these adolescents, celebrating their graduation from a high school outside the city, came to New York as a group and the night before the incident herein they, including Stinner, the minor, had also come to the same package store and purchased another bottle of rye and another bottle of gin. The circumstances in this case are not such as to admit of only one inference and the court should not substitute its judgment for that of the Liquor Authority on controverted issues of fact (*Matter of Stork Restaurant* v. *Boland,* 282 N. Y,

256; *Matter of Rumsey Mfg. Co. [Corsi]*, 296 N. Y. 113; *Matter of Bolani* v. *O'Connell*, 296 N. Y. 871).

Accordingly I dissent and vote to confirm the determination of the State Liquor Authority and to dismiss the petition.

PECK, P. J., BASTOW and BERGAN, JJ., concur with BREITEL, J.; DORE, J., dissents and votes to confirm in opinion.

Determination annulled, with $50 costs and disbursements to the petitioner, the suspension rescinded and the petition granted.