JOHN KOVAL *v.* LIQUOR CONTROL COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 11—decided November 21, 1961

*Irwin I. Krug,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

MURPHY, J. The plaintiff is the permittee under a restaurant beer permit for a restaurant in Windham. On October 7, 1960, the defendant, acting

under § 30-55 of the General Statutes, revoked the permit after a hearing in which it found that the plaintiff was an unsuitable person by reason of a violation of § 30-86 of the General Statutes, in that he, by himself, his servant or agent, delivered alcoholic liquor to four minors, whose names were stated in the order of revocation. The plaintiff appealed to the Court of Common Pleas, which sustained the action of the commission. From the judgment rendered, the plaintiff has appealed to this court. Unless the decision of the defendant is unwarranted in law or is in abuse of its discretion, its action should not be overruled by the court. *De-Mond* v. *Liquor Control Commission,* 129 Conn. 642, 646, 30 A.2d 547.

Briefly summarized, the testimony before the defendant was that on the night of April 28, 1960, the plaintiff's place of business was visited by a detail of state policemen. Three couples were in one booth in the dining room. The three young men were over twenty-one years of age. The three girls were minors. One was eighteen, the others nineteen. In another booth there was another party of three couples, only one of whom, a girl, was a minor. Most of the persons in the restaurant were students from a nearby university who patronized the establishment, especially on weekends. In one booth, the police found two partly filled pitchers of beer on the table. There were four empty glasses and two glasses half full of beer. The three girls readily admitted that they had drunk some of the beer. One girl had been served by her companion; the other two in that booth had poured their own beer from the pitcher. The fourth minor had also helped herself from a pitcher of beer purchased by her escort. The young men had obtained the beer in pitchers at

a service counter, together with soft drinks for the girls, and had carried the beverages to the tables. None of the minors had been served alcoholic liquor by the plaintiff or his employees. Each of the young men who had provided beer for his minor girl friend was prosecuted criminally for violating the law and was punished therefor. The state was unsuccessful in its attempt to convict the plaintiff of the crime of delivering alcoholic liquor to a minor.

To sustain the action of the defendant, it would be necessary to conclude that the young men were the agents of the permittee in either transporting the beer to the booths or pouring it into the glasses from which the girls imbibed. Despite the latitude of action and liberal discretion which the liquor control commission enjoys; *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 552, 135 A.2d 595; it would be straining the proper construction of § 30-86 to reach this conclusion of agency. We do not mean by this to infer that the plaintiff should not have suspected that the minors were obtaining beer in the manner indicated. But his permit was not revoked on the ground that he failed properly to supervise and police the premises nor that minors drank there. He was charged with a delivery. To deliver is to give or transfer, to yield possession or control of, to hand over. Webster's Third New International Dictionary. It is the physical act of transferring possession. *Meyer* v. *State,* 108 Tex. Crim. 77, 83, 299 S.W. 259. It implies a change of custody and necessitates a transfer of possession. *Bird* v. *State,* 131 Tenn. 518, 527, 175 S.W. 554. It is a handing over. *State* v. *Fraser,* 161 Mo. App. 333, 341, 143 S.W. 545.

In *Matter of Erin Wine & Liquor Store, Inc.,* 283 App. Div. 443, 128 N.Y.S.2d 364, the state liquor

authority had suspended the petitioner's package store license by reason of a sale of intoxicating liquor to a minor. The Appellate Division annulled the determination of the authority and rescinded the suspension because it held that there was no substantial evidence to support the determination. Two youths, one under, and the other over, eighteen, entered the package store, and the older one ordered two bottles of liquor. The package was placed on the counter and the younger man picked it up and carried it out of the store, where he was accosted by a police officer. The authority argued that if the evidence was insufficient to prove a sale, the uncontradicted fact that the underage minor had picked up the liquor and carried it out of the store was sufficient to show a delivery to him which warranted the suspension. The court held (p. 447) that to constitute a delivery there must be a reciprocal giving and taking and that as the element of giving was absent there was no delivery. That case, if anything, seems stronger than the one we are reviewing. We are of the opinion that the defendant abused its discretion in revoking the plaintiff's permit for the reason it stated and that its action should be reversed.

This case is clearly distinguishable from *Rose* v. *Liquor Control Commission,* 124 Conn. 689, 199 A. 925, and *State* v. *Koenig,* 120 Conn. 39, 178 A. 923, on which the defendant relies to support its position. In *Rose,* the beer had been sold and served by the bartender to the minor girl who was found drinking it on the premises, and he had been arrested and convicted for the offense. See General Statutes § 30-57. In *Koenig,* a glass of beer was served by the permittee to a fourteen-year-old boy who was standing at the bar with his father and another man.

That man had ordered the beer, and the permittee had drawn it and placed it on the bar with full knowledge of the boy's age and that the beer was to be consumed by him.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.