STEPHEN BALOG *v.* LIQUOR CONTROL COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 3—decided April 25, 1963

*David B. Cohen,* with whom was *George J. Finn,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

KING, J. The plaintiff held a restaurant liquor permit under which he owned and operated a restaurant in Shelton. On October 24, 1957, the restaurant was raided by the state police, a $4 betting slip which the plaintiff admitted was his own was taken from him, and several other bets on horse races, aggregating $68, were found in back of the bar. The plaintiff was arrested on a gambling charge. For reasons far from clear, he was not brought to trial on the criminal charge until more than three years after his arrest. Ultimately, in December, 1960, he was acquitted.

After an interval of over a year following the plaintiff's arrest—but still two years before the trial of the criminal case—the defendant, on October 30, 1958, held a hearing on whether the plaintiff's permit should be revoked because of "[a] violation of Section 204-10 of the Regulations of the Commission in that . . . [the plaintiff] did allow gambling (pool selling) on the permit premises." At this hearing the plaintiff was represented by counsel. The defendant found the charge proven and on November 12, 1958, revoked the plaintiff's permit. From this decision the plaintiff appealed to the Court of Common Pleas, alleging that the action of the defendant was illegal, arbitrary and an abuse of its discretion. Under the provisions of § 30-55 of the General Statutes and § 411 of the Practice Book, the appeal operated to stay the order of revocation, and as a consequence the plaintiff has apparently continued to operate his restaurant, under his liquor permit, for the five years since the raid.

The plaintiff did not deny that he had violated the regulation as charged, but claimed that the penalty of revocation, under the circumstances, was

too severe and that nothing more than a suspension for a short period should have been ordered. This claim is substantially the same as the one made in *Spadaro* v. *Liquor Control Commission,* 150 Conn. 68, 69, 186 A.2d 76. "The only question . . . is whether the commission acted arbitrarily or unreasonably in deciding to revoke rather than suspend the . . . permit." *Kania* v. *Liquor Control Commission,* 137 Conn. 327, 329, 77 A.2d 87, quoted with approval in *Spadaro* v. *Liquor Control Commission,* supra, 72. The burden of proof was on the plaintiff. *Koval* v. *Liquor Control Commission,* 149 Conn. 63, 64, 175 A.2d 358; *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 698, 37 A.2d 227.

In his efforts to sustain this burden, the plaintiff subpoenaed certain files from the defendant and offered twenty-two of them in evidence before the trial court. They were admitted without objection and consisted of the records of certain of the defendant's dispositions in proceedings involving a violation of its regulations. Many of them concerned violations of § 204-10, the regulation against allowing gambling on permit premises. The claimed purpose of this evidence was to show that in the other instances, recorded in the exhibits, the defendant had not entered an order of revocation but only one of suspension. This in turn was claimed by the plaintiff to require an inference that the action in revoking his permit was an abuse of discretion because it was an arbitrary action out of keeping with the defendant's treatment of other persons similarly situated. The records were the only evidence offered in the trial court. There is nothing to indicate how they were selected. For all that appears, they were culled out by the plaintiff

as those best supporting his position. Moreover, these records were not offered in corroboration of any claim of bias or personal animosity toward the plaintiff on the part of the defendant. In oral argument, any such claim was expressly denied, and there would have been no justification for it, since as far as appears the plaintiff had had no previous difficulties with the defendant nor any criminal record.

In its memorandum of decision, the court correctly pointed out that the records merely showed the final determinations of the defendant in the several proceedings before it, with some office memoranda; that they did not contain any transcript of the evidence offered before the defendant in any given proceeding; and that the court could not surmise or speculate as to the manner in which the defendant had exercised its discretion in these cases, nor review its actions on other hearings. Although the memorandum of decision was not in all respects aptly worded, it gives no support, when it is read as a whole, to the plaintiff's claim that it demonstrates that the court refused to consider the evidence, such as it was. See cases such as *Buden* v. *Dombrouskas,* 147 Conn. 728, 729, 166 A.2d 157. The court commented, and quite properly, on the slight probative value which evidence of such random dispositions could have. Whether under the circumstances here the evidence had sufficient probative force to justify its admission is a matter not before us. See cases such as *State* v. *Sebastian,* 81 Conn. 1, 4, 69 A. 1054.

The plaintiff makes much of his ultimate acquittal on the gambling charge. The action of the defendant was taken under General Statutes § 30-55 and was based on a violation of the defendant's

regulation against gambling. See *Dadiskos* v. *Liquor Control Commission,* 150 Conn. 422, 424, 190 A.2d 490. Action was not taken under § 30-57, authorizing the suspension or revocation of a permit on the permittee's conviction of a violation of certain enumerated statutes relating to intoxicating liquor. Obviously under the latter statute, as distinguished from the former, a final conviction would be a prerequisite to action by the defendant, whether of revocation or suspension. See cases such as *Welch* v. *McKane,* 55 Conn. 25, 29, 10 A. 168; *Rose* v. *Liquor Control Commission,* 124 Conn. 689, 690, 199 A. 925. The plaintiff lays great stress on *Koval* v. *Liquor Control Commission,* 149 Conn. 63, 64, 175 A.2d 358. That case held that the evidence before the commission was inadequate to support the charge on which the commission had based its order of revocation and that consequently the revocation (or suspension) of the permit could not stand. The case is of no benefit to the plaintiff, and his ultimate acquittal was immaterial.

The plaintiff testified in his own behalf at the hearing before the defendant. Besides admitting that the $4 betting slip was his, he testified that he placed bets for certain of his customers with another customer, Ray Martin, who accepted bets on horse races and the like; that Martin would sometimes come to the premises to pick up the bets and sometimes the plaintiff would deliver them to him; that Martin came as a customer two or three times a week, and if there were any winnings owing to customers of the restaurant Martin would deliver the money; that the plaintiff had assisted Martin during the last few months prior to the raid, but that the plaintiff, since his arrest, had not placed any bets and had discouraged bookmakers from

coming to his restaurant because of the trouble he was in, "which isn't over yet." The plaintiff further testified before the defendant that he received no percentage or other compensation for his services as an intermediary in placing the bets with Martin, but merely took them as an accommodation for certain restaurant customers who did not come to the restaurant strictly to bet. The plaintiff did not, of course, claim that this gratuitous service was unappreciated by the recipients, nor that it did not encourage their patronage and thereby increase his regular restaurant business. This testimony was more than sufficient to justify the action of the defendant in revoking the permit. The court was not in error in deciding that the plaintiff failed to sustain his burden of proving that the action of the defendant in revoking, rather than suspending, the permit was illegal, arbitrary, unreasonable or in abuse of its discretion.

The other claims of error do not merit discussion. There is no error.

In this opinion the other judges concurred.