[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the plaintiffs as a result of the defendant Commission's suspension of the plaintiffs' liquor permit. The suspension was for a five day CT Page 2634 period or in lieu thereof, a fine to be determined.
On April 3, 1989 the plaintiffs and the Savage Brothers Band entered into a charter contract for the leasing of the plaintiffs' vessel. No liquor was sold during the cruise but invitees brought their own alcohol aboard the vessel. About one hour into the cruise a disturbance broke out. The boat docked and many people on board were in various states of intoxication, including a passenger who was unconscious.
At a hearing before the defendant Commission, there was testimony about numerous fights, assaults and excessive drinking. Thereafter, by decision dated March 13, 1990, the defendant suspended the plaintiffs' liquor permit for a period of five days. The plaintiffs have appealed this suspension.
The Commission found that the plaintiff had violated two sections of the regulations, namely 30-6-A-24(a) and30-6-A-24(c).
In reviewing the action of the defendant, the court cannot substitute its judgment for that of the agency. Conn. Gen. Stat. 4-183. The court need merely determine whether or not the record supports the action taken by the agency. Williams v. Liquor Control Commission, 175 Conn. 409.
There is no question that there was a disturbance and excessive drinking on the vessel. The rules of the Commission do not permit disturbance, brawls, etc., on any permit premises. It is not a defense in liquor control matters to contend that a violation occurred on one's premises without one's knowledge as ". . . the responsibility for making effective this prohibition rests upon the holders of the permit." See Rose v. Liquor Control Commission, 124 Conn. 689.
Based upon the record and transcript, this court finds that the Department of Liquor Control acted properly in this matter. The responsibility for the disturbance remained with the plaintiffs and the leasing of the boat to a third party did not relieve it of that duty.
The appeal is dismissed.
Quinn, J.