[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal the Plaintiffs (permittee and backer of licensed package store) contest penalties assessed by the Liquor Control Commission (Commission) for a sale or delivery of liquor to a minor.
The Plaintiffs are Kenneth Matthews, Permittee and Howard-Adam Corporation, backer of Harvey's Wine Spirit Shoppe, West Hartford, Connecticut.
The respondent is the State of Connecticut, Department of Consumer Protection Liquor Control Commission (hereinafter "Commission"). CT Page 9177
The facts underlying the appeal are substantially undisputed. On November 19, 1994, two young man, Pelletier and Burr, entered Plaintiffs' package store. The store is a self service outlet wherein customers take the product from coolers or shelves to a counter where the product is purchased. Pelletier and Burr on the date in question, carried several cases of beer and other bottles of alcoholic beverages to the counter.
Pelletier proposed to pay for the selections and was asked by Plaintiffs' agent for proof of age identification, Pelletier produced a driver's license indicating an age of twenty-one. Pelletier then paid for all the items. Both young men carried the beer from the store. Burr was not asked for proof of age, and was in fact eighteen years of age on November 19, 1994.
Pelletier was only nineteen years of age at the time of the transaction, but in view of the false identification, the Commission limited its action to an alleged sale or delivery to Burr.
The Commission found a violation of General Statutes §30-86 in allowing a minor to carry the beer out of the package store.
Section 30-86 provides in pertinent part: "Any permittee who, by himself, his servant or agent, sells or delivers alcoholic liquor to any minor . . . shall be subject to the penalties of section 30-113."[1]
The Commission notified Plaintiffs on or about March 23, 1995 of the alleged violation of § 30-86 as to both minors occurring on November 19, 1994. A hearing was held by the Commission on September 7, 1995. A decision dated October 19, 1995 was issued by the Commission suspending the Plaintiffs' package store license for a period of four days plus an additional seven day suspension or $525 fine.
The basis of the decision was essentially stated as follows: "While Mr. Pelletier was a minor at the time of the incident, we have given the Respondent (Plaintiffs) the benefit of the doubt on the apparent validity of the proffered identification and find against the Respondent based on the companion Mr. Burr's presence and participation." CT Page 9178
The participation of Mr. Burr was found to have included carrying cases of beer to the purchase counter, and carrying three cases of beer from the store after Mr. Pelletier purchased the beer with the false identification.
The issue presented is whether Plaintiffs sold or delivered alcoholic liquor to a minor (Burr) by allowing him to carry it to the purchase counter and remove it from the store.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] CT Page 9179 has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
Plaintiffs cite Koval v. Liquor Control Commission, 149 Conn. 63
(1961) for the proposition that sale or delivery under §30-86 requires more than occurred in this case. In Koval the court held in upholding a permittee's appeal: "He was charged with a delivery. To deliver is to give or transfer, to yield possession or control of, to hand over. Webster's Third New International Dictionary. It is the physical act of transferring possession. Meyer v. State, 108 Tex.Crim. 77, 83, 299 S.W. 259. It implies a change of custody and necessitates a transfer of possession. Bird v. State, 131 Tenn. 518, 527, 175 S.W. 554. It is a handing over. State v. Fraser, 161 Mo. App. 333, 341,143 S.W. 545." Koval, supra, 149 Conn. 65.
The Supreme Court in Koval, supra, went on to cite with approval a New York case which is very close on the facts, Matterof Erin Wine Liquor Store, Inc., 283 App.Div. 443, 128 N.Y.S.2d 364
. In Erin two young men, one of age and one under age, went into a package store to purchase two bottles of alcoholic liquor. The older one ordered the liquor, then the minor carried both bottles from the store. The New York court reversed an administrative finding of a sale to a minor holding: "While it is true that the statute relates to sale, delivery or giving away, the mere carrying of a package by an underage minor for and in the presence of another who purchases the package is not a delivery to the underage minor. Delivery is a relation involving two terms, namely, a reciprocal giving and taking. In the instant case only the taking by the underage minor from the counter is established and the record fails to show a giving to him." CT Page 9180
The Commission concludes that the minor, Burr, participated in the sale. This is simply not the case, he merely transported what was legally the property of the purchaser, Mr. Pelletier.
Clearly there are strong policy reasons for protecting minors from access to alcoholic liquor, but the Plaintiffs are charged with sale or delivery under a statute with criminal sanctions under § 30-113. The statute should not be so liberally construed to encompass analogous but more clearly innocent behavior. Grocery stores almost universally sell beer. If a minor pushes a shopping cart containing a six pack out the door, has a sale or delivery taken place?
The appeal is sustained. The Liquor Control Commission is ordered to vacate all sanctions against the Plaintiffs entered by its decision of October 19, 1995.
Robert F. McWeeny, J.