[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The principal issue in this administrative appeal is whether the presentation by a minor of a driver's license, as opposed to an identity card, of another person who is over the age of twenty-one can constitute a good faith defense to a civil enforcement action for the sale of liquor to a minor. The court answers this question in the negative and dismisses this administrative appeal.
BACKGROUND OF THE CASE
After a hearing, the defendant, the Liquor Control Commission of the Department of Consumer Protection ("the commission"), found the following facts. On October 14, 1999, the plaintiff, WHGR, Inc., doing business as Huskies in Mansfield, sold alcoholic liquor to two minors. The first individual, who was seventeen, entered the establishment past a doorman CT Page 16625 and purchased beer from the permittee without having to present any age identification. (Return of Record ("ROR"), Item 4 (Memorandum of Decision), pp. 1-2.)
A second minor, Danielle Lasnier, age twenty at the time, presented the doorman with a counterfeit New Jersey driver's license bearing the name and address of Janet Hoschek, 60 West Columbus Drive, Tenafly, New Jersey, and a date of birth of January 25, 1975. According to Lasnier, the picture on the driver's license did not look like her other than the fact that both she and the person depicted had blond hair. Lasnier purchased beer from a bartender without being asked for age identification or without having to complete an "age statement form."[1] Lasnier had, however, previously completed an age statement form at Huskies. In that form, Lasnier identified her name, address, and date of birth as Janet Hoschek, 33 Strawberry Hill, New Jersey, January 25, 1975, and signed the form in her true name of Danielle Lasnier. (ROR, Item 4, pp. 2-3.)
Based on this evidence, the commission suspended the plaintiff's restaurant permit for seven days and for an additional twenty-six days or payment of a $1,950 fine. The plaintiff appeals to this court. It challenges only the conclusion that it unlawfully sold liquor to Lasnier and does not contest the commission's finding that it unlawfully sold liquor to the other minor.
DISCUSSION
 I
General Statutes § 30-86 prohibits "[a]ny permittee or any servant or agent of a permittee . . . [from selling] or deliver[ing] alcoholic liquor to any minor. . . ." The commission, without dispute in this case, has interpreted this section to impose absolute liability on permittees who sell alcohol to minors, subject to certain specific exceptions. (ROR, Item 4, p. 3.) See Alaimo v. Department of LiquorControl, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 509820 (October 8, 1992, Shea, J.T.R.). As stated in an earlier era, "[t]he statute makes plain the legislative policy that alcoholic liquor should not be sold to minors and that the responsibility for making effective this prohibition rests upon the holders of permits."Rose v. Liquor Control Commission, 124 Conn. 689, 690, 199 A. 925
(1938).
One exception to the rule of absolute liability applies in the case of:
 a sale, shipment or delivery made in good faith to a minor who practices any deceit in the procurement of CT Page 16626 an identity card issued in accordance with the provisions of section 1-1h, who uses or exhibits any such identity card belonging to any other person or who uses or exhibits any such identity card that has been altered or tampered with in any way. . . .
General Statutes § 30-86 (2). The plaintiff argues that, under this section and General Statutes § 30-88a,[2] a minor's fraudulent presentation of a driver's license constitutes a good faith defense to an enforcement action.[3]
Whether the presentation of a driver's license can constitute a good faith defense under §§ 30-86 (2) or 30-88a is a pure question of law over which this court has broad review. See MacDermid, Inc. v. Departmentof Environmental Protection, 257 Conn. 128, 137, 778 A.2d 7 (2001). The plain language of § 30-86 (2) makes the good faith defense available when a minor misuses "an identity card issued in accordance with the provisions of section 1-1h." There is no basis to interpret this phrase to refer to a driver's or operator's license. Section 1-1h, to which §30-86 (2) refers, begins with the provision in subsection (a) that "[a]ny person who does not possess a valid motor vehicle operator's license may apply to the Department of Motor Vehicles for an identity card." General Statutes § 1-1h (a).[4] The same subsection later states that "[t]he commissioner may waive the ten-dollar fee for any applicant who has voluntarily surrendered such applicant's motor vehicle operator's license or whose license has been refused by the commissioner. . . ." General Statutes § 1-1h (a). Paragraph (c) of § 1-1h then provides as follows:
 A distinctive identity card shall be issued to any applicant less than twenty-one years of age. The identity card shall contain a statement that it is issued subject to the same verification of the applicant's identity as required for the issuance of a motor vehicle operator's license. The card may thereafter be exhibited to establish the age and identity of the person to whom it was issued.
Thus, § 1-1h distinguishes between an "identity card" and a "motor vehicle operator's license" in three instances. In fact, in two of these instances, the identity card requirement applies only to persons who do not have an operator's license. Further, the General Assembly, in General Statutes §§ 14-36 through 14-46g, has set out a series of requirements for obtaining a motor vehicle operator's license that dwarf in complexity the one statute governing identity cards.[5] This court is not free to blur or eliminate these distinctions that the legislature has carefully CT Page 16627 drawn between an identity card and a driver's license. See Plourde v.Liburdi, 207 Conn. 412, 416, 540 A.2d 1054 (1988). On the contrary, this court is bound by the plain language of § 30-86 (2), which makes the good faith defense available only to a minor who misuses "an identity card issued in accordance with the provisions of section 1-1h." SeeBrunswick Corporation v. Liquor Control Commission, 184 Conn. 75, 81,440 A.2d 792 (1981).
The plaintiff's additional reliance on General Statutes § 30-88a is to no avail. It is true that, unlike § 30-86 (2), § 30-88a
explicitly refers to driver's licenses. But the plaintiffs argument that § 30-88a creates a defense to a charge of sale of liquor to a minor also falters on the plain language of the statute. In § 30-88a, the legislature carefully chose to allow "[e]ach person who attains the age of twenty-one years and has a motor vehicle or motorcycle operator's license, containing a full-face photograph of such person, [to] use and each permittee may accept such license as legal proof of the age of the licensee for the purposes of this chapter." To interpret this section to create an absolute or even good faith defense when a person under the age of twenty-one presents a driver's license is to read the introductory phrase "each person who attains the age of twenty-one years" out of the statute. This court obviously has no authority to do so.
This portion of the statute essentially means that a permittee may accept, without further inquiry, an operator's license as proof of age from someone who turns out to be twenty-one or older. The statute does nothing, however, to alter the traditional rule that permittees who sell liquor to someone who turns out to be underage do so at their peril. Insofar as this traditional rule represents the common law, § 30-88a
"is not to be construed as making any innovation upon the common law which it does not fairly express." Yale University School of Medicine v.Collier, 206 Conn. 31, 37, 536 A.2d 588 (1988).
The remainder of § 30-88a provides that "[a]ny person who misrepresents his age or uses or exhibits, for the purpose of procuring alcoholic liquor, an operator's license belonging to any other person, shall be fined not less than two hundred nor more than five hundred dollars or imprisoned not more than thirty days or both." The use of the phrase "any person" stands in contrast to the phrase "each person who attains the age of twenty-one years" that prefaces the first sentence. The language of the second sentence plainly authorizes the prosecution of "any person," including a minor, for the fraudulent presentation of an operator's license.
Construed together, the provisions of § 30-88a mean that, when a minor fraudulently presents a driver's license to purchase alcohol, both CT Page 16628 the minor and the seller may be the subject of enforcement actions, and the minor's fraud will not provide the seller with a good faith defense. As discussed, exceptions to this rule do exist under different statutes for cases involving the misuse of identity cards or other circumstances, but the plaintiff cannot or does not rely on these exceptions. See note 3 supra. The commission accordingly acted properly in finding that the plaintiff had violated the liquor laws by selling liquor to minors.
 II
The plaintiff devotes one paragraph of his brief to the claim that the commission prevented him from presenting evidence of equal protection violations in the commission's penalty procedures. The transcript of the hearing reveals that, although the plaintiff represented that it would offer evidence of enforcement of the liquor laws at the Pequot Indian reservation, the plaintiff did not do so. (ROR, Item 3, pp. 38-39.) Because the plaintiff failed to present this issue to the commission, this court need not review it. See Burnham v. Administrator, 184 Conn. 317,323, 439 A.2d 1008 (1981). Further, the plaintiffs cursory discussion in his brief provides no authority or analysis that demonstrates any abuse of discretion or other error by the commission in the admission of evidence. Under these circumstances, the court concludes that the plaintiff has abandoned this claim. See Merchant v. State EthicsCommission, 53 Conn. App. 808, 818, 733 A.2d 787 (1999).
CONCLUSION
The plaintiff having failed to sustain the grounds for its appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court